IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEJANDRO A. SALAZAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-619-MJR |
| | ) |
| W. A. SHERROD and | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    This action was originally filed in the District of Kansas as a Writ of Audita Querela.  In this action, Petitioner Alejandro Salazar challenges his enhanced sentence, based upon the Supreme Court case of *Begay v. United States*, 128 S.Ct 1581 (2008).  The District Court reviewed the issues raised in the petition, and determined that the narrow issue raised in this petition was not barred by the waiver provision contained within Salazar's plea agreement.  The District Court then found that the issues raised are more appropriate for resolution under habeas corpus.  Salazar had already filed a prior motion under 28 U.S.C. § 2255 and, in a detailed analysis, the District Court that § 2255 is inadequate or ineffective to provide Salazar with a remedy.  The District Court then found that the issues raised in this petition could be presented under 28 U.S.C. § 2241, and thus the petition was construed as such.  However, because Salazar is confined in this District in the Federal Correctional Institution in Greenville, Illinois, the action was transferred to this District.

    The United States has already filed a response to the petition (Doc. 3).  The United States later filed a motion to amend their response (Doc. 6), and that motion is currently pending before

the Court.  In its motion, the United States seeks to withdraw its argument that *Begay* is not retroactively applicable, due to a decision by the Department of Justice that the ruling of *Begay* is retroactive with respect to the crime-of-violence definition in U.S.S.G. § 4B1.2.  This motion is **GRANTED**, and that argument will not be considered.

**IT IS HEREBY ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 22nd day of March, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**